

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JESSICA SLIVAK, individually and on behalf of all others similarly situated, | Case No. **18** 3626 |
|---|---|
| Plaintiff(s) | CLASS ACTION COMPLAINT |
| v. | |
| AMERICAN EQUITY PROPERTIES, INC. | Jury Trial Demanded |
| Defendant(s) | |

## CLASS ACTION COMPLAINT

Plaintiff Jessica Slivak ("Plaintiff" or "Slivak"), on behalf of herself and all others similarly situated, alleges as follows:

### INTRODUCTION

1.      Plaintiff is an "individual with a disability" as that term is understood pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and its implementing regulations.

2.      Plaintiff, a forty-three-year-old female individual, was born with Osteogenesis Imperfecta (i.e., brittle bone disease), which requires her to use a wheelchair on a daily basis. Indeed, for mobility, Plaintiff has used a wheelchair for her entire adult life.

3.      Plaintiff leads an active life.  She maintains her career as a Speech-Language Pathologist, while actively serving on various committees in her church and being a wife and mother of three children.

4.      Accordingly, Plaintiff is routinely traveling for work, family, and social functions.

5.      To facilitate this active lifestyle, Plaintiff maintains a specially modified mini-van

1

with an automatic side-ramp, allowing Plaintiff to wheel herself into and out of her vehicle so as to permit her to travel independently.

6.     Naturally, this vehicle is registered as a "handicapped" vehicle with the Commonwealth of Pennsylvania's Department of Transportation and, consequently, bears a "handicapped" license plate.

7.     Because of her vehicle's side-ramp, Plaintiff requires the use of "van accessible" handicapped parking spaces in order to provide her with sufficient space for access to and from her motor vehicle.

8.     As set forth below, Plaintiff was denied full access to Defendant's property, known as Elkins Park Square ("Property"), due to its non-compliance with the ADA. As set forth below, Defendant has failed to comply with the ADA's regulations regarding handicap parking. As such, Plaintiff alleges that Defendant violated the ADA and its implementing regulations.

9.     Unless Defendant is required to remove the access barriers described below, and required to change its policies and practices so that access barriers do not reoccur at its facilities, Plaintiff and the proposed Class will continue to be denied full and equal access to that facility as described, and will be deterred from patronizing Defendant's facilities.

10.     The ADA permits private individuals, such as Plaintiff, to bring suit in federal court to compel compliance with the ADA.

11.     Accordingly, and on behalf of a class of similarly situated individuals, Plaintiff seeks: (i) a declaration that Defendant's facilities violate federal law as described; and (ii) an injunction requiring Defendant to remove the identified access barriers, so that they are fully accessible to, and independently usable by, physically-impaired individuals such as Plaintiff and

2

the class she seeks to represent.

12.     Plaintiff also requests that once Defendant is fully in compliance with the requirements of the ADA, the Court retain jurisdiction for a period of time to be determined to ensure that Defendant has adopted and is following an institutional policy that will, in fact, cause Defendant to remain in compliance with the law.

## JURISDICTION AND VENUE

13.     This Court has federal question jurisdiction over the ADA claims asserted herein pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

14.     Plaintiff's claims asserted herein arose in this judicial district and Defendant maintains its headquarters and/or does substantial business in this judicial district.

15.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

16.     Plaintiff is and, at all times relevant hereto, was a resident of the Commonwealth of Pennsylvania. Plaintiff is and, at all times relevant hereto, has been a legally handicapped individual, and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2), and the regulations implementing the ADA set forth at 28 C.F.R. § 36.101 et seq.

17.     Defendant AMERICAN EQUITY PROPERTIES, INC ("Defendant") is a real estate development company, located at 8080 Old York Rd, Suite 275, Elkins Park, Pennsylvania 19027.

18.     As set forth on Defendant's own website, Defendant built and controls Elkins Park Square, which is a mixed use office and retail center located at the intersection of Route 611

3

(Old York Road) and Church Road in Elkins Park, Pennsylvania. See http://www.aemdco.com/elkins_park_square.htm, last visited on July 20, 2018.

19. Among the retail business located in Elkins Park Square are the restaurants "Marco Polo," "Tiffin Indian Cuisine," and "Szechuan Mandarin."

20. Accordingly, Defendant is a "public accommodation" pursuant to 42 U.S.C. § 12181(7)(F).

## TITLE III OF THE ADA

21. On July 26, 1990, President George H.W. Bush signed into law the ADA, a comprehensive civil rights law prohibiting discrimination on the basis of disability.

22. The ADA broadly protects the rights of individuals with disabilities with respect to employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

23. Title III of the ADA prohibits discrimination in the activities of places of public accommodation and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. § 12181-89.

24. On July 26, 1991, the Department of Justice ("DOJ") issued rules implementing Title III of the ADA, which are codified at 28 C.F.R. § 36.[1]

25. Appendix A of the 1991 Title III regulations (republished as Appendix D to 28 C.F.R. § 36) contains the ADA standards for Accessible Design ("1991 Standards"), which were based upon the Americans with Disabilities Act Accessibility Guidelines ("1991 ADAAG"),

---

[1] The DOJ is the administrative agency charged by Congress with implementing the requirements of the ADA.

4

published by the Access Board on the same date.[2]

26.     The ADA requires removal of existing architectural barriers in facilities existing before January 26, 1992, where such removal is readily achievable. See 42 U.S.C. §§ 12181(9), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304(a).

27.     Facilities newly built or altered after January 26, 1993 must be readily accessible and usable by disabled individuals, including individuals who use wheelchairs. See 28 C.F.R. § 36.401 and 28 C.F.R. § 36.402.

28.     The DOJ revised the 1991 ADAAG when it issued the 2010 Standards for Accessible Design ("2010 Standards"), which were published on September 15, 2010.

29.     Notably, many of the requirements with respect to parking remained the same in the 2010 Standards.

30.     As set forth below, Defendant has failed to comply with those requirements.

## VIOLATIONS AT ISSUE

31.     Defendant owns, operates, and/or leases a place of public accommodation; namely, the Property.

32.     Defendant's Property is within Plaintiff's regular area of travel.   She has patronized this location in the past and intends to continue to patronize Defendant's Property.

33.     However, even though Plaintiff continues to desire to visit, and intends to visit the Property, she continues to be denied full, safe, and equal access because of Defendant's failure to

---

[2] The Access Board was established by section 502 of the Rehabilitation Act of 1973. See 29 U.S.C. § 792. The passage of the ADA expanded the Access Board's responsibilities. The ADA requires the Access Board to "issue minimum guidelines . . . to ensure that buildings, facilities, rail passenger cars, and vehicles are accessible, in terms of architecture and design, transportation, and communication, to individuals with disabilities." 42 U.S.C. § 12204. The ADA requires the DOJ to issue regulations that include enforceable accessibility standards applicable to facilities subject to Title III that are consistent with the "minimum guidelines" issued by the Access Board, 42 U.S.C. §§ 12134(c), 12186(c).

remove the barriers, and will be deterred from fully visiting Defendant's Property.

34.  During her visits, Plaintiff experienced difficulty and unnecessary risk due to the existence of architectural barriers that impeded her access to, and ability to visit the restaurants at Defendant's Property.

35.  In March of 2017, Plaintiff last visited Defendant's Property to eat at the "Tiffin Indian Cuisine" restaurant.

36.  At that time, Plaintiff attempted to park in front of the "Tiffin Indian Cuisine" restaurant.

37.  But, Plaintiff experienced difficulty and unnecessary risk due to the existence of architectural barriers that impeded her access to, and ability to use, the restaurants located at Defendant's Property.

38.  For instance, Defendant's Property does not contain the proper number of "handicap accessible" parking spaces required by the ADA.

39.  Section 208.2 of the 2010 Standards requires at least five "handicap accessible" parking spaces, one of which must be "van accessible," for all public accommodation parking areas that contain between 101 and 150 parking spots.

40.  Defendant's Property contains a parking area with more than 101 parking spaces.

41.  Upon information and belief, however, Defendant's Property contains only four purportedly "handicap accessible" parking spaces, none of which are "van accessible," in violation of Section 208.2.

42.  Section 502.6 of the 2010 Standards requires that each "handicap accessible" parking space be identified by a sign, the bottom of which shall be at least 60 inches above the ground, that includes the International Symbol of Accessibility.

6

43. As evidenced by the image below, the purportedly "handicap accessible" parking spaces at the Property lack signage that conforms to Section 502.6 of the 2010 Standards:



44. Moreover, Section 208.2.4 of the 2010 Standards requires "at least one" designated "van accessible" parking space for every six "handicap accessible" parking spaces a facility maintains.

45. Specifically, the ADA requires "van accessible" spaces to be either 96 inches wide, with an adjacent 96-inch "access aisle," or 132 inches wide, with an adjacent 60-inch "access aisle." See Sections 502.2 of the 2010 Standards.

46. In violation of the ADA, no parking spaces at Defendant's Property are designated "van accessible," as required by the ADA, either by proper signage or measurement.

7

47. Additionally, there are no marked "access aisles" serving each of the four purportedly "handicap accessible" parking spaces.

48. Failure to provide adjacent "access aisles" to each accessible parking space violates Section 502.2 and 502.3 of the 2010 Standards.

49. As a result of Defendant's failure to provide "van accessible" parking spaces, with the requisite adjacent "access aisles," as required by the ADA, Plaintiff cannot safely lower her van's ramp, which is her only means of entry and exit from her vehicle.

50. Upon information and belief, Defendant has centralized policies regarding the management and operation of the Property, and those policies are inadequate to ensure compliance with the ADA, as is demonstrated by the fact that Defendant's Property remains non-compliant.

51. Plaintiff will continue to attempt to use Defendant's facilities. However, so long as Defendant continues to violate the ADA, Plaintiff will be unable to use them independently and will be, thereby, denied full access to Defendant's facilities.

52. Indeed, had adequate policies or procedures been in place, Defendant would have presumably caught and corrected the ADA violations complained of herein.

53. Plaintiff has not returned to the Property because of the difficulties and unnecessary risks she faces from the architectural barriers that have impeded her ability to visit the restaurant at Defendant's property safely and independently.

54. Plaintiff requests periodic monitoring to confirm that the public accommodations are brought into compliance and remain in compliance.

55. Without injunctive relief, Plaintiff will continue to be unable to independently use Defendant's facilities.

8

## CLASS ACTION ALLEGATIONS

56.     Plaintiff brings this action pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure on behalf of herself and all individuals with disabilities who have attempted to access, or will attempt to access Defendant's facilities, but experienced difficulty or hazards in ambulating through Defendant's parking facilities ("Class").

57.     Upon information and belief, the Class is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective Class members through this class action will benefit both the parties and this Court.

58.     Typicality:  Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same unlawful conduct.

59.     Common Questions of Fact and Law:  There is a well-defined community of interest and common questions of fact and law affecting members of the Class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendant's facilities and/or services due to Defendant's failure to make its facilities fully accessible and independently usable as above described.

60.     The questions of fact and law common to the class include but are not limited to the following:

> a.     Whether Defendant is a "public accommodation" under the ADA;
>
> b.     Whether Defendant's conduct in failing to make its facilities fully accessible and independently usable as described above violated the ADA;
>
> c.     Whether Defendant's system or procedures for ensuring ADA compliance

9

is adequate and appropriate;

d. Whether remediation of Defendant's facilities is appropriate and financially feasible; and

e. Whether Plaintiff and members of the class are entitled to declaratory and injunctive relief.

61. Adequacy of Representation: Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the Class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and have no interests antagonistic to the members of the class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation.

62. Class certification is appropriate pursuant to Rule 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

## COUNT I
## VIOLATION OF THE ADA

63. The allegations contained in the previous paragraphs are incorporated by reference.

64. Defendant's facilities were required to be altered, designed, or constructed so that they are readily accessible and usable by disabled individuals, including individuals who use wheelchairs. See 42 U.S.C. § 12183(a)(1).

65. The architectural barriers described above demonstrate that Defendant's facilities were not altered, designed, or constructed in a manner that causes them to be readily accessible to and usable by individuals who use wheelchairs, including Plaintiff and the class she seeks to represent.

10

66.     The architectural barriers described above demonstrate that Defendant has failed to remove barriers, as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

67.     Defendant's facilities are required to comply with the DOJ's 2010 Standards or, in some cases, the 1991 Standards.

68.     Defendant is required to provide individuals who use wheelchairs full and equal enjoyment of its facilities. See 42 U.S.C. § 12182(a).

69.     Defendant has discriminated against Plaintiff and the Class in that it has failed to make its facilities fully accessible to, and independently usable by, individuals who use wheelchairs in violation of the ADA, as described above.

70.     Defendant's conduct is ongoing, and, given that Defendant has not complied with the ADA's requirements that public accommodations be fully accessible to, and independently usable by, individuals with disabilities, Plaintiff invokes her statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

71.     Without the requested injunctive relief, specifically including the request that the Court retain jurisdiction of this matter for a period to be determined after the Defendant certifies that it is fully in compliance with the mandatory requirements of the ADA that are discussed above, Defendant's non-compliance with the ADA's requirements that its facilities be accessible to, and independently usable, by individuals with disabilities is likely to recur.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the members of the Class, pray for:

a.     A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above;

b.     A permanent injunction which directs Defendant to take all steps necessary to

bring its facilities into full compliance with the requirements set forth in the ADA, and its implementing regulations, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that all of its facilities are fully in compliance with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain in compliance with the law;

c.   An Order certifying the Class proposed by Plaintiff, and naming Plaintiff as the class representative and appointing her counsel as class counsel;

d.   Payment of costs of suit;

e.   Payment of reasonable attorneys' fees; and

f.   The provision of whatever other relief the Court deems just, equitable and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

## **(SIGNATURE ON THE NEXT PAGE)**

Date: <u>August 23, 2018</u>

Respectfully submitted,
**KALIKHMAN & RAYZ, LLC**

Arkady "Eric" Rayz
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone: (215) 364-5030
Facsimile: (215) 364-5029
E-mail: erayz@kalraylaw.com

**CONNOLLY WELLS & GRAY, LLP**
Gerald D. Wells, III
Robert J. Gray
2200 Renaissance Blvd., Suite 275
King of Prussia, PA 19406
Telephone: (610) 822-3700
Facsimile: (610) 822-3800
Email: gwells@cwglaw.com
Email: rgray@cwglaw.com

Counsel for Plaintiff and the Proposed Class